**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IRIS TAYLOR, | ) |
| | )     No: |
| Plaintiff, | ) |
| | ) FILED |
| v. | ) MAY 9, 2008           YM |
| | ) 08CV2717 |
| OFFICERS JOHN DOE, JOHN SOE, | ) JUDGE COAR |
| JOHN ROE, JOHN POE AND THE | ) MAGISTRATE JUDGE BROWN |
| CITY OF CHICAGO, A MUNICIPAL | ) |
| CORPORATION | ) |
| Defendants. | ) |

## COMPLAINT

1.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42

U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1343(3); and the Constitution

of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

2.    Plaintiff Iris Taylor is an African-American female, a citizen of the United States

and resident of Illinois.

3.    Defendant OFFICERS DOE, SOE, ROE AND POE, whose names are not

currently known, are police officers employed by the City of Chicago, and were at all

times relevant to the facts alleged in this complaint, acting within the scope of his

employment and under color of law. Defendant Officers John Doe, John Soe, John Roe

and John Poe are being sued individually.

4.    The City of Chicago, is a municipal corporation within the State of Illinois, and

was all times material to this Complaint, the employer of defendant police officers Doe,

Soe, Roe and Poe.

## FACTS

5.      In late July, 2005, at about 3:00 p.m., Plaintiff Iris Taylor was at her mother's

house located at 5734 S. Calumet, Chicago, IL when the police were called to break up

an argument at the home. At least six officers arrived at the home.

6.      At some point after the arrival of the officers, Plaintiff Taylor heard her mother

screaming that an officer was twisting her arm. Taylor and her brother then went to see

what was going on with their mother. At the same time, the officers had called for back

up and other officers arrived at the scene.

7.      The defendant officers then attempted to arrest Plaintiff Taylor's brother, but

when he protested an officer attempted to use his tazer on Taylor's brother, but instead

got Plaintiff Taylor on the hand with the tazer. Plaintiff was then dragged down stairs

face down, despite being five months pregnant. Plaintiff was jailed and charged with

resisting arrest and battery to a police officer. Plaintiff spent eight days in jail before she

was bailed out.

8.      All criminal charges were eventually resolved in Plaintiff's favor.

## COUNT I

### (42 U.S.C. SECTION 1983-Due Process Claim)

(1-8). Plaintiff Iris Taylor, alleges and realleges paragraphs 1 through 8 as fully set forth

above.

9.    The actions of the defendant officers in fabricating evidence and actively using the

falsified evidence in criminal complaints against Plaintiff were done in violation of

Plaintiff's 14th Amendment and/or 5th Amendment right of Due Process of Law as

guaranteed by the United States Constitution.

10.   The above acts by the defendants were done willfully, maliciously, intentionally,

or with reckless disregard, and directly and proximately caused serious injury to

Plaintiff.

WHEREFORE, Plaintiff Iris Taylor, demands $50,000 in compensatory damages

against Defendant Officers John Doe, John Soe, John Roe and John Poe, and because the

Defendants acted maliciously, willfully and/or wantonly, Plaintiff demands $15,000 in

punitive damages from each individual defendant, plus cost, attorney's fees, and such

other additional relief as this Court deems equitable and just.

## COUNT II

### (42 U.S.C. Section 1983-Conspiracy)

(1-8). Plaintiff Iris Taylor alleges and realleges paragraphs 1 through 8 as though

fully set forth herein.

9.      Defendant Officers Doe, Soe, Roe and Poe reached an understanding,

engaged in a sequence of events or course of conduct, and otherwise agreed and

conspired together to violate the constitutional rights of the Plaintiff.

10.      All defendant officers did reach this understanding and agreement, and

did engage in this course of conduct with the mutual purpose, objective, and

knowledge that it would deprive the Plaintiff of her rights, privileges and immunities as

guaranteed by the Constitution and laws of the United States.

11.      Additionally, said conspiracy/joint action violated Plaintiff's

Fourteenth/Fifth Amendment rights under the color of law in violation of 42 U.S.C.

Section 1983, and was a direct and proximate cause of her pain, suffering and metal

anguish.

12.     Acting in furtherance of this plan and conspiracy, each of the Defendants

committed overt acts, including, but not limited to the Due Process violation as fully

alleged in paragraphs 1-8. This course of conduct by the Defendants was done willfully,

maliciously, intentionally or with reckless disregard and directly and proximately

caused serious injury to the Plaintiff.

**WHEREFORE** Plaintiff demands $15,000 in compensatory damages against each

Defendant, and because the Defendants acted maliciously, willfully and /or wantonly,

Plaintiff demands $15,000 in punitive damages against Defendant Officers Doe, Soe,

Poe and Roe individually.

## COUNT III

### (Malicious Prosecution under Illinois Law)

(1-8).     Plaintiff Iris Taylor alleges and realleges paragraphs 1 through 8 as

though fully set forth herein.

9.     The above prosecution was initiated by the defendants to harass the Plaintiff.

10.     The defendant signed complaints against Plaintiff which began the

prosecution of her. Defendant further gave false statements against Plaintiff to the

prosecutor.

11.     The unjustifiable prosecution was resolved in the Plaintiff's behalf and,

therefore, said prosecution was in violation of the Illinois law.

12.     The unjustifiable prosecution of the Plaintiff Iris Taylor was done willfully

4

and wantonly and was the direct and proximate cause of the physical and mental injuries suffered by the Plaintiff.

**WHEREFORE,** Plaintiff Iris Taylor seeks $50,000 in actual or compensatory damages against Defendant Officer Davis individually, and because the above defendant acted maliciously, willfully and/or wantonly, Plaintiff demands $15,000 in punitive damages against defendant officer.

## COUNT IV

### (Respondent Superior Under Illinois Law Against the City of Chicago)

(1-8).    Plaintiff Iris Taylor alleges and realleges paragraphs 1 through 8 as though fully set forth herein.

9.  The aforesaid acts of Defendant Officers John Doe, John Some, John Roe and John Poe in maliciously preosecuting Taylor were done within the scope of their employment as Chicago Police Officers, were willful and wanton, and therefore the Defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of respondent superior.

**WHEREFORE**, Plaintiff Iris Taylor, demands judgment against Defendant City of Chicago plus costs, and such other additional relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted,

The Law Office of Standish E. Willis

By: _____

Attorney for Plaintiff

The Law Office of Standish E. Willis
407 S. Dearborn, Suite 1395
Chicago, IL  60605
312.554.0005