# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IRIS TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.  08 C 2717 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| CITY OF CHICAGO, DORNIS COOPER, | ) |
| JOHN THILL, and JOSE DE JESUS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This case concerns Iris Taylor's claim that officers of the Chicago Police Department fabricated evidence and gave false evidence against her in pretrial proceedings and in her criminal trial.  Before the court is the defendants' motion to dismiss Taylor's first amended complaint, which includes a due-process claim under the Fifth Amendment and a state-law claim for malicious prosecution.  In response, Taylor does not dispute that her Fifth Amendment due-process theory is untenable because she was acquitted, and she concedes that her state-law malicious-prosecution claim is time-barred.  Instead, she seeks leave to file a second amended complaint to advance an alternative legal theory: that the officers' conduct caused her continued "seizure" until she was acquitted, in violation of her Fourth Amendment rights.  Because the Seventh Circuit has rejected Taylor's proposed legal theory, and because she has abandoned her other legal theories, the court GRANTS the uncontested motion to dismiss her first amended complaint and DENIES Taylor leave to file a second amended complaint.

1

**Background**

Taylor's proposed second amended complaint, like the two that preceded it, alleges the following facts:

On an unspecified date in late July 2005, at about 3:00 p.m., Taylor was at her mother's house, located at 5734 S. Calumet in Chicago, Illinois. The police were called to break up an argument at the home, and at least six officers arrived. (R.1, Compl. ¶5.) Following their arrival, Taylor heard her mother screaming that an officer was twisting her arm. Taylor and her brother went to investigate. The officers had called for backup, and additional officers were now at the scene. (*Id.* ¶6.)

When Taylor and her brother went to check on their mother, officers attempted to arrest Taylor's brother. He protested, and an officer attempted to use a taser on him; but the officer instead struck Taylor on the hand with the taser. Taylor, who was five months' pregnant at the time, was then dragged, face down, downstairs. (*Id.* ¶7.) She was jailed and charged with resisting arrest, *see* 720 ILCS 5/31-1(a-7), and battery to a police officer, *see* 720 ILCS 5/12-4(b). She spent eight days in jail before she was bailed out. (*Id.*)

According to Taylor, the officers fabricated evidence, used falsified evidence in the criminal complaints against her, and provided false evidence and testimony in post-arrest judicial proceedings and at trial. (*Id.* ¶9.) All criminal charges were eventually resolved in her favor. (*Id.* ¶8.)

On May 9, 2008, Taylor filed her complaint in federal court against unnamed Chicago police officers and the City of Chicago, asserting that the preceding facts supported (1) a claim that the officers violated her due-process rights under the Fifth and Fourteenth amendments; (2) a claim that the officers conspired to violate her constitutional rights; and (3) a state-law claim of

malicious prosecution. She also advanced a state-law respondeat superior theory against the City of Chicago. (R.1, Compl.)

The City of Chicago filed a motion to dismiss on September 15, 2008, arguing that (1) there is no federal remedy for Taylor's due-process claim, which is premised on the officers' pretrial misconduct and is essentially one for malicious prosecution; (2) because she was acquitted, a due-process claim based on the officers' misconduct at trial cannot succeed; (3) the absence of an underlying constitutional violation dooms her conspiracy claim; and (4) Taylor's state-law malicious prosecution claim and respondeat superior theory are barred by Illinois's one-year statute of limitations, as she was found "not guilty" on May 8, 2007—a year and a day before she filed her complaint. (R.15.)

On October 10, 2008, Taylor responded to the motion, asserting that she had pled sufficient facts to support a *Brady* claim despite her acquittal. (R.20.) Six days later, Taylor filed her first amended complaint. (R.22, 1st Am. Compl.) In it, her allegations remained the same, but she identified and named the police officers.

On April 9, 2009, Taylor's attorney, Angela Lockett, filed a motion to withdraw her representation on the grounds that she was no longer working for the law firm that represents Taylor. A week later, Attorney Standish Willis filed an appearance on Taylor's behalf.

On April 17, 2009, the City of Chicago filed a motion to dismiss the first amended complaint, which the individual officers later joined. (R.34.) They advanced the same arguments as in their first motion to dismiss, along with a contention that the amended complaint

should be dismissed based on Taylor's failure, without good cause, to serve the defendant officers within 120 days of filing her amended complaint. (R.34.)[1]

In Taylor's response, she concedes that her state-law claims are time-barred under Illinois law, and she does not otherwise dispute the grounds for dismissal of her first amended complaint. Instead, she seeks leave to file a second amended complaint to advance an alternative legal theory grounded in the Fourth Amendment. She has submitted along with her response a proposed second amended complaint that would advance two claims: (1) in fabricating evidence and providing false evidence in criminal complaints, post-arrest judicial proceedings, and at trial, the officers caused the continuous seizure of Taylor until her acquittal, in violation of her rights under the Fourth and Fourteenth Amendments; and (2) the defendant officers conspired to deprive Taylor of her Fourth Amendment rights. (R.42.)

In their reply, the defendants argue that amending Taylor's complaint would be futile, cause undue prejudice, and cause undue delay. (R.44.)

**Legal Standard**

Because Taylor has not contested the grounds for dismissing her first amended complaint, the defendants correctly note that this constitutes a forfeiture of any such argument. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). The sole issue for the court, then, is whether to grant Taylor leave to file a second amended complaint.

After amending her pleadings once, a plaintiff may further amend only with the defendant's written consent or the court's leave. "The court should freely give leave when

---

[1] Taylor notes that the officers have now been served (an attorney filed an appearance on their behalf on May 22, 2009), and that the delay was for good cause because Attorney Lockett had been in the late stages of pregnancy and then on maternity leave. Although the defendants question whether those reasons justify a nearly eight-month delay in effectuating service, the court declines to address the issue because other matters are dispositive. (R.44.)

4

justice so requires." Fed. R. Civ. P. 15(a)(2). But the decision is "a matter purely within the sound discretion of the district court." *Guise v. BMW Mortgage*, LLC, 377 F.3d 795, 801 (7th Cir. 2004). And the court "may deny leave to amend on the grounds of undue delay, bad faith, dilatory motive, prejudice, or futility." *Id.*

## Analysis

The court begins and ends with the defendants' first argument: that amendment would be futile. In addressing this issue, the court will deem the proposed amendment futile only if the new complaint would warrant dismissal—that is, if, after accepting as true all facts in the proposed complaint and drawing all possible inferences in Taylor's favor, she could not plausibly succeed, *see Tamayo v. Blagojevich*, 526 F.3d 1074, 1081, 1086 (7th Cir. 2008).

Taylor acknowledges that there is a two-year statute of limitations for her Fourth Amendment claims under 42 U.S.C. §1983. *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005); 735 ILCS 5/13-202 (West 2008). But she contends that the court could consider her arrest, eight-day detention, release on bond, and obligation to appear at trial as a "continuing seizure" under Justice Ginsburg's concurring opinion in *Albright v. Oliver*, 510 U.S. 266 (1994). Under this theory, she says, her complaint would be timely because the statute of limitations would not have begun to run until she no longer had any obligation to appear in court—i.e., on May 7, 2007, when she was acquitted.

The problem with this approach, as the defendants note, is that the Seventh Circuit has squarely and repeatedly rejected Justice Ginsburg's "continuing seizure" theory, which has not been adopted by any other justice of the Supreme Court. *See Bielanski v. County of Kane*, 550 F.3d 632, 638 (7th Cir. 2008); *Wallace v. City of Chicago*, 440 F.3d 421, 429 (7th Cir. 2006); *Wiley v. City of Chicago*, 361 F.3d 994, 998 (7th Cir. 2004). Rather, the scope of a Fourth

Amendment violation typically is limited to the point of arraignment, after which the prosecution is underway. *Bielanski*, 550 F.3d at 638; *see Wallace*, 440 F.3d at 425. Because Taylor does not dispute that her arraignment in 2005 occurred more than two years before she filed her complaint in May 2008, her Fourth Amendment claim—and the conspiracy claim tied to it—is time-barred, and could not plausibly succeed. *See Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009).

Taylor argues that this will effectively leave her without a remedy because the statute of limitations for her state-law malicious prosecution claim has run. *See Williams*, 399 F.3d at 869-70 (explaining that Illinois's one-year statute of limitations for causes of action against state actors, *see* 745 ILCS 10/8-101, applies to state-law claims joined with §1983 claims). The Constitution, however, does not guarantee a remedy for tardy litigants. Indeed, the Seventh Circuit has explained that, even if a plaintiff has been subject to a malicious prosecution, "it is not a constitutional tort unless the state provides no remedy for malicious prosecution." *Bielanski*, 550 F.3d at 638 (internal quotation marks and citation omitted); *see Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001) (explaining that availability of state-law remedy satisfies constitutional due-process requirements). Taylor does not dispute that Illinois provides a remedy for malicious prosecution, and she does not argue that the one-year statute of limitations renders inadequate that remedy. Nor does she contend that she was diligent in pursuing her state-law remedy; she simply asserts an entitlement to *some* remedy, and she asks the court to disregard her tardiness so that she may proceed. But the Seventh Circuit has repeatedly rejected this strategy, and this court must do the same. *See Newsome*, 256 F.3d at 751; *Williams v. Heavener*, 217 F.3d 529, 531-32 (7th Cir. 2000) (collecting cases).

Accordingly, because Taylor cannot advance a timely claim under the Fourth Amendment, and because a federal malicious-prosecution theory is foreclosed by the existence of a state-law remedy, the court concludes that amending the complaint would be futile. Thus, the defendants' motion to dismiss the first amended complaint is GRANTED with prejudice, leave to file a second amended complaint is DENIED, and this case is closed.

Enter:

/s/ David H. Coar

David H. Coar
United States District Judge

Dated: **August 10, 2009**